```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                             CHARLESTON
```

**THOMAS STUCK,**

    **Movant,**

**v.**                                      **Case No. 2:04-cr-00190**
                                                **Case No. 2:08-cv-00240**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 97, "Motion"). This action was referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition.

Movant, Thomas Mitchell Stuck ("Defendant"), is serving a sentence of 264 months, to be followed by a five-year term of supervised release, upon his conviction by a jury for violation of 18 U.S.C. §§ 922(g)(1) (Count Two, felon in possession of a firearm) and 922(j) (Count Four, possession of a stolen firearm transported in interstate commerce). The presiding District Judge also imposed a fine of $2,000 and a total special assessment of $200.00. (Amended Judgment in a Criminal Case entered April 21, 2005, # 75.) The jury acquitted Defendant of Counts One and Three of the superseding indictment (# 56).

Defendant's direct appeal of his convictions was unsuccessful. United States v. Stuck, No. 05-4467, 227 Fed App'x 219(4th Cir. Mar. 16, 2007), cert. denied, 551 U.S. 1172 (June 29, 2007).

Procedural History

The § 2255 Motion was signed by Defendant on April 4, 2008, and filed with the Clerk on April 7, 2008. Accordingly, Defendant's Motion was timely filed. The United States filed a Response (# 104), and Defendant filed a Reply (# 110), which he termed a "Traverse."

Grounds for Relief

Defendant raises the following grounds for relief in his § 2255 Motion:

> (a) Ground one: Ineffective assistance of counsel. In or around October of 2004 (because what appeared to be substantial amount of evidence against me), I asked my attorney to attempt to resolve my case with a plea. My attorney stated that he would check into the possibility of negotiating a plea bargain on my behalf. However, just prior to my trial date, my attorney stated that he had not had the opportunity to discuss any plea deal with the Prosecuting Attorney's Office; and therefore I proceeded to trial without the benefit of a plea bargain. I would have accepted any reasonable offer, and I believe the prosecution would have done the same. For example: a sentence under the lower end of the guideline range, rather than the mid range after a full blown trial.
>
> (b) Ground two: Ineffective assistance of counsel. Based upon information and belief, the United States Attorney offered a plea deal in my case, which was not conveyed to me by my lawyer. Had I known of any plea offer, I would have accepted an offer.

(Motion, # 97, at 3-4.)

The United States responds that Defendant has failed to show

that his attorney was ineffective, resulting in prejudice (# 104, at 7). The government asserts that Defendant's sentence was driven primarily by his extensive criminal history (Criminal History Category VI, 20 criminal history points, six qualifying convictions for crimes of violence), and that a plea agreement was not offered to defense counsel. Id. at 6-9. The Response relates the substance of a conversation with Defendant's attorney (id. at 9), but in the absence of an affidavit or declaration, the court will disregard the statement.

Defendant's Traverse/Reply argues that his attorney had a duty, in light of the evidence, to pursue plea negotiations between Defendant and the United States (# 110, at 3-4.) He claims that his attorney abandoned him at the critical stage of negotiating a plea agreement. Id. at 4-5. Without a trial, Defendant asserts that he would have qualified for a three level reduction for acceptance of responsibility, with a significantly reduced sentence. Id. at 6-7. Defendant's submissions are verified.

## ANALYSIS

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. Id., at 687-91. There is a strong presumption that the conduct of counsel was in the wide

range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id., at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id., at 697.

Defendant's grounds for relief are based on his belated recognition that his sentence might have been shorter if he had pled guilty. Defendant's second claim, that the United States offered his attorney a plea agreement which was not conveyed to him and which he would have accepted, lacks any credibility. In the government's response, the Assistant United States Attorney who was responsible for Defendant's prosecution (Susan Robinson, formerly Susan Arnold), states, "The United States did not . . . extend any

4

plea offer." (# 104, at 8.)

Defendant's first claim, that his attorney had a duty to seek a plea agreement, merits further discussion but is also lacking in merit. The American Bar Association's Criminal Justice Section Standards address the topic as follows:

> Standard 4-6.1 Duty to Explore Disposition Without Trial
>     (a) Whenever the law, nature, and circumstances of the case permit, defense counsel should explore the possibility of an early diversion of the case from the criminal process through the use of other community agencies.
>     (b) Defense counsel may engage in plea discussions with the prosecutor. Under no circumstances should defense counsel recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed, including an analysis of controlling law and the evidence likely to be introduced at trial.

*ABA Standards for Criminal Justice: Prosecution and Defense Function*, 3d ed., American Bar Association (1993). The Standard quoted above differs from the Standard quoted by Defendant (# 110, at 3), which may be from a prior edition. It is apparent from the use of the word "may" that the current Standard does not impose a duty on defense counsel to engage in plea discussions.

It is equally clear from Defendant's presentence report ("PSR") that he maintained his innocence of all the charges and was not interested in admitting his guilt. Excerpts from the PSR are illustrative:

> ¶ 29, page 7: The defendant did not admit to his role in the offense of conviction.
> Objection 1, page 19: The defendant objects to the presentence report in its entirety. Mr. Stuck asserts he

5

is not guilty of count two and four of the superseding indictment.

Defendant has cited United States v. Magini, 973 F.2d 261, 263 (4th Cir. 1992), and Holloway v. Arkansas, 435 U.S. 475, 490-91 (1978), for the proposition that "[c]ounsel's failure 'to explore possible plea negotiations may implicate the Sixth Amendment right to counsel.'" (# 110, at 3.) The quote is incomplete and misleading. Both Magini and Holloway addressed defense counsel who had a conflict of interest. The complete quote from Magini is, "A conflict which causes counsel to fail to explore possible plea negotiations may implicate the Sixth Amendment right to counsel." 973 F.2d at 263. In Holloway, the Supreme Court wrote:

> That an attorney representing multiple defendants with conflicting interests is physically present at pretrial proceedings, during trial, and at sentencing does not warrant departure from this general rule [that reversal is automatic when a defendant is deprived of counsel either throughout the prosecution or during a critical stage]. Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. For example, in this case it may well have precluded defense counsel for Campbell from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution . . ..

435 U.S. at 489-90. There is no suggestion whatsoever that Defendant's attorney labored under a conflict of interest.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's attorney was not offered a plea agreement, that Defendant's attorney did not have a duty to pursue plea discussions with the government, particularly when Defendant was

6

insisting upon his innocence, and that Defendant was not denied effective assistance of counsel.

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion be denied.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such

objections shall be served on the United States Attorney and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.

<u>November 24, 2009</u>　　　　　　　　　　　_Mary E. Stanley_
　　Date　　　　　　　　　　　　　　　　　Mary E. Stanley
　　　　　　　　　　　　　　　　　　United States Magistrate Judge